**EXHIBIT A**

Electronically Filed
5/6/2022 1:26 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Tel: (702) 862-8200
Fax: (702) 862-8204
david@hennessandhaight.com
*Attorneys for Plaintiff*

CASE NO: A-22-852222-C
Department 16

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CONSTANCE CALARCO,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, dba Costco, a Foreign Corporation, DOES I through X; DOE EMLOYEES I through X; and ROE CORPORATIONS I through X, inclusive<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, CONSTANCE CALARCO, by and through her attorneys of record, DAVID T. GLUTH, ESQ. of the law firm of HENNESS & HAIGHT, brings her causes of action against Defendants, and each of them, alleges as follows:

1. That at all times relevant to these proceedings, Plaintiff, CONSTANCE CALARCO ("Plaintiff"), was and is a resident of the County of Clark, State of Nevada.

2. That at all times relevant to these proceedings and upon information and belief, Defendant, COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO") was and is a foreign corporation authorized to do and doing business in the County of Clark, State of Nevada

1

and doing business as COSTCO.

3. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, DOE EMPLOYEES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who, therefore, sue said Defendants by said fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged. DOE and ROE Defendants include, but are not limited to employees, independent contractors, subcontractors, suppliers, cleaning personnel, maintenance staff, and/or volunteers. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X, DOE EMPLOYEES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

4. Upon information and belief, at all times mentioned herein, each Defendant was acting as the agent, servant, alter ego, and/or employee of each other Defendant.

5. That hereinafter references to "Defendants" include collective reference to all named Defendants, and all DOE and ROE Defendants who might have performed or failed to perform the same actions hereinafter alleged committed by the named Defendants.

6. That Defendants, and each of them, include the subsidiaries, parent companies, successors and predecessors in interest, assignees, alter egos, or otherwise, and are liable for the liabilities of Defendants, and each of them. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

7. Such DOES, DOE EMPLOYEES and ROE CORPORATIONS, include, but are

not limited to the predecessors and successors in interest of Defendants, and each of them.

8. At all times mentioned herein, Defendants, and each of them, were the agents, servants, partners and/or employees of each and every other Defendant, and were acting within the course and scope of their agency, partnership and or/employment.

9. This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendants, or any one of them, resided in Clark County, Nevada at the commencement of this action.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

11. COSTCO is a warehouse club that operates a store located at 6555 N. Decatur Blvd. Las Vegas, Nevada 89131.

12. That on or about May 24, 2020, Plaintiff was a patron on the premises of Defendant, COSTCO. Specifically, Plaintiff was walking inside the business premises near the produce section.

13. That when Plaintiff was walking inside COSTCO's premises, Plaintiff slipped on raspberries left on the floor, causing her to suffer serious and debilitating injuries.

14. Upon information and belief, COSTCO was aware that its floors were dangerous and extremely slippery, when covered by foreign substance such as produce left on the floor.

15. Upon information and belief, with in the five years prior to Plaintiff's fall, COSTCO had knowledge of several slip and falls in the area where Plaintiff fell.

///

3

## FIRST CAUSE OF ACTION

(NEGLIGENCE AS TO ALL DEFENDANTS)

16. Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

17. Defendants, and each of them, owned, and were charged with controlling, inspecting, maintaining, managing, or were otherwise responsible for the condition of the premises located at 6555 N. Decatur Blvd., Las Vegas, Nevada 89131.

18. Defendants, and each of them, owed a duty to its patrons, including Plaintiff, to maintain its premises in a reasonably safe manner, including keeping its premises free from hazards and dangerous conditions.

19. Additionally, based on the nature of Defendants' business, in allowing customers to perform tasks traditionally performed by employees, it was reasonably foreseeable as a part of Defendants' mode of operation that a dangerous condition would occur on Defendants' floors. Defendant owed a duty to take reasonable precautions to prevent hazards and dangerous conditions on its floors.

20. That on or about May 24, 2020, while Plaintiff was a patron on Defendants' store located at 6555 N. Decatur Blvd. Las Vegas, Nevada 89131, Defendants, and each of them, breached their duty to Plaintiff by carelessly and negligently creating, owning, controlling, inspecting, and maintaining the premises in an unstable and dangerous condition so as to allow a hazardous condition to exist in the store which caused Plaintiff to slip and fall, and as a proximate result thereof, Plaintiff was injured.

21. Defendants, and each of them, breached their duty when they failed to properly ensure that objects and/or substances would not end up on its floors and cause a hazardous condition, and/or fail to warn others of the hazard.

4

22. Upon information and belief, Defendants had notice of the hazard or dangerous condition. Upon information and belief, Defendants created the hazardous or unsafe condition and/or had actual or constructive notice of these hazardous or unsafe conditions before Plaintiff's incident occurred. Alternatively, it was reasonably foreseeable to Defendants that a dangerous condition would occur on the floors by allowing customers to perform tasks traditionally performed by employees.

23. Defendants, and each of them, failed to reasonably inspect and remove any objects and/or substances on its floors thereby causing a dangerous and hazardous condition to remain on its floors.

24. Defendants' creation of a hazard, failure to keep its public areas free from hazards, failure to warn and/or otherwise guard against hazards in its public areas, and/or failure to take reasonable precautions to prevent foreseeable hazards or dangerous conditions actually and proximately or legally caused Plaintiff to slip and fall and to sustain injuries.

25. That as a direct and proximate result of Defendants, and each of them, as well as their employee/agent's negligent acts and/or omissions and breach of duty, Plaintiff sustained severe and debilitating injuries.

26. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and medical expenses.

27. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, and limitations associated with her injuries into the foreseeable future.

28. That as a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer significant deterioration in her enjoyment of life and lifestyle.

29. That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff incurred damages well in excess of Fifteen Thousand Dollars ($15,000.00).

30. That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

### SECOND CAUSE OF ACTION

(NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
AS TO COSTCO)

31. Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

32. Defendant, COSTCO, had a duty to exercise ordinary and reasonable care in the screening, hiring and maintaining of its employees, and to ensure that they were qualified and suitable to perform the duties in a reasonably safe manner and to thereafter provide such employees with the proper and necessary supervision and training so that the employees do not cause harm to the public during the course and scope of their employment.

33. Defendant, COSTCO, breached this duty when it chose not to exercise ordinary and reasonable care in screening, hiring, training and/or supervising its employees, which caused the subject incident to occur.

34. As a result of Defendant, COSTCO's decision not to adequately screen, hire, train, and/or supervise its employees, those employees failed to inspect, prevent and/or remove a hazardous condition at the store.

6

35. Plaintiff was injured due to the hazardous condition of the store that was created and/or allowed to exist as a result of Defendant, COSTCO's failure to adequately screen, hire, train, and/or supervise its employees.

36. The negligence, carelessness, and recklessness of Defendant, COSTCO, in its screening, hiring, training, supervising, and retention of its employees, were the actual and proximate cause of Plaintiff's injuries and damages.

37. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and medical expenses.

38. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy and limitations associated with her injuries into the foreseeable future.

39. That as a further and direct and proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer significant deterioration in her enjoyment of life and lifestyle.

40. That as a further direct and proximate result of other aforesaid negligence of Defendants, and each of them, Plaintiff incurred damages well in excess of Fifteen Thousand Dollars ($15,000.00).

41. That Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

WEREFORE, Plaintiff expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment

against Defendants, and each of them, as follows:

1. General and special damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

3. Reasonable attorneys' fees and costs of suit incurred herein;

4. For a jury trial on all issues so triable; and

5. For such other and further relief as the Court may deem proper in the premises.

DATED this <u>6th</u> day of May, 2022

HENNESS & HAIGHT

*/s/ David T. Gluth, Esq.*

DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*